UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.:  4:11 CV 2348 |
| | ) | 4: 04 CR 430 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| JORGE A. MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the United States of America's Motion to Strike Defendant Jorge Martinez's § 2255 Motion.  (ECF #5, Case No: 4:11 CV 2348).  The Defendant filed an opposition to the Motion (ECF #7, Case No.: 4:11 CV 2348).  Defendant also filed a Motion to Disqualify District Court Judge (ECF #306, Case No.: 4:04 CR 430).

**PROCEDURAL HISTORY**

In January of 2006, following a jury trial, Dr. Martinez was convicted on multiple counts of health care fraud, including two counts of health care fraud resulting in death (Counts 59 and 60).  In March of that year, his attorneys filed a Motion for Acquittal under Fed. R. Crim. Pro. 29,

and Motion for New Trial under Fed. R. Crim. Pro. 33.  (ECF #122).[1]  In May, Dr. Martinez began an unwavering campaign of filing multiple pro se motions despite being represented by counsel.  Dr. Martinez filed a pro se Motion for New Trial, and Motion to Dismiss.  (ECF #127).  Later that same month, Dr. Martinez filed a second pro se Motion for New Trial, Motion to Dismiss.  (ECF # 136).  All three motions for new trial were addressed and denied at the sentencing hearing on June 9, 2006.  (ECF #147).

Dr. Martinez was sentenced to the statutory maximum on all counts, including the imposition of two life terms for Counts 59 and 60, and was required to surrender to Immigration and Customs Enforcement for deportation.  On June 16, 2006, Dr. Martinez filed a pro se Notice of Appeal from the Judgment.  (ECF #151).   Although Dr. Martinez persisted in filing multiple pro se motions, he was represented by his own chosen counsel throughout all of the above proceedings.  Because he was represented, the government moved to bar Dr. Martinez from filing any further pro se motions.  This Court granted that motion.  (ECF #158).  Dr. Martinez did not appeal this order, however, even after the order was filed, Dr. Martinez continued to try to communicate directly with the Court through letters and other documents that were not officially filed.

Shortly after sentencing, an evidentiary hearing was held before a Magistrate to determine restitution amounts owed in connection with the case.  Following the issuance of the Magistrate's Report and Recommendation, the Court held a separate Restitution Hearing, at the end of which, the Court communicated its intent to adopt the Report and Recommendation.  (ECF #169, 170).

---

[1] Except as otherwise noted, all references to the docket from this point forth shall refer to the ECF filing numbers in Case No.: 4:04 CR 430.

Dr. Martinez, through his attorneys, appealed the restitution amount on August 30, 2006, a day before the final Order adopting the Magistrate's Report and Recommendation was actually issued. (ECF #168).  Following the issuance of the restitution order, the Court found Dr. Martinez to be indigent and appointed the Federal Public Defender to represent him on appeal. (ECF #174). The Court of Appeals consolidated his two appeals, and granted his trial attorneys' motion the withdraw as counsel. (ECF #179).

In March of 2007, prior to any decisions on his appeal, and after he was appointed counsel, Dr. Martinez filed, pro se, a Motion for Lack of Subject Matter Jurisdiction. (ECF #213).  The government again asked that because he was represented by counsel, he be barred from submitting pro se filings to the Court . (ECF #216).  The Court granted the government's request and denied Dr. Martinez's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF #217, 218). A day prior to the issuance of this Order, Dr. Martinez filed a writ of mandamus with the appeals court asking it to compel the trial court to rule on a motion to recuse, citing this Court's prohibition against pro se filings as evidence of alleged prejudice. (ECF #232).[2]  The Court of Appeals denied Dr. Martinez's request for mandamus, holding that this Court was well within its discretion to bar the pro se filings since Dr. Martinez had been assigned counsel. (ECF #241).

In May of 2007, Dr. Martinez, through his attorney, then filed a Motion to Stay Order of Restitution pending resolution of his appeal. (ECF #219).  The Court granted this motion to stay. (ECF #220).  Dr. Martinez also asked the Court of Appeals for a stay of the sale of certain property. In February of 2008, the Court of Appeals denied Dr. Martinez's motion to stay the sale of certain property, and in May of 2008, denied his motion to remand to the District Court to

---

[2] The referenced motion to recuse does not appear on the docket of this case.

3

permit a motion for new trial, because he had not obtained a certification from the trial court that it would be inclined to grant such a motion. (ECF # 224, 225). Two months later, and just a couple of weeks prior to the scheduled appellate oral argument, the Court of Appeals, took a somewhat contradictory stance and granted Dr. Martinez's motion to stay his appeal pending resolution of a motion for new trial and certification for remand. (ECF #226). Dr. Martinez then filed a combined Motion for New Trial/ Motion to Certify for Remand/ Motion for Evidentiary Hearing. (ECF #227). This Court denied the Motion in December of 2008. (ECF #233).

In March of 2009, the Court of Appeals issued a true Mandate affirming Dr. Martinez's conviction and sentence. (ECF #244). The United States Supreme Court denied his writ of certiorari in November of 2009. (ECF #250). Dr. Martinez immediately filed a purported second motion for recusal of the trial court judge, which was denied. (ECF # 251, 253). A week later, Dr. Martinez filed a motion to reconsider the denial of the recusal motion. (ECF #254). That motion was also denied. (ECF #257). Dr. Martinez appealed the trial court's decision denying the request for recusal to the Sixth Circuit, and separately appealed the denial of the motion to reconsider on the same issue. (ECF #256, 260). Both decisions were affirmed. (ECF #275). He also petitioned the United States Supreme Court for a rehearing on his motion for certiorari; it too was denied. (ECF #262).

In October of 2011, Dr. Martinez filed a motion under 28 U.S.C. § 2255. The motion itself was 21 pages long, it included one page of "instructions," a one page cover letter, and an eleven page "introduction - objection to review by Judge Donald C. Nugent." Added to this was a 628 page "motion's memorandum, points, and issues of appeal." (ECF #263). The government moved to strike the motion as being wildly over the 20 page limit imposed by Local Rule 7.1. (ECF

#267).  The Court granted the motion to strike on December 8, 2011.  (ECF #268).  Dr. Martinez appealed this ruling.  (ECF #269). The Court of Appeals originally dismissed the appeal for want of prosecution, (ECF #272), but later, at Dr. Martinez's request, reinstated the appeal.  (ECF #274).  More than five months after striking Dr. Martinez's § 2255 petition, having received no further filings, this Court dismissed the petition.  (ECF #276).  The order of dismissal was never appealed.

Following the filing of his first § 2255 motion, and before the order of dismissal was issued, Dr. Martinez also filed a 101 page "Motion for Leave to File a Bill of Review," which included a request to vacate his judgment due to alleged fraud upon the court by the prosecuting attorneys, the trial judge, and the use of a false forensic report.  (ECF #279).  This motion was utterly without merit, and was denied.  (ECF # 281).  Dr. Martinez also appealed this denial. (ECF # 282).  The Court of Appeals denied Dr. Martinez's a certificate of appealability on this issue.  (ECF #299).

In August of 2014, the Court of Appeals remanded the issue of the non-compliant § 2255 petition to the trial court to determine whether a certificate of appealability should issue.  (ECF #294).  This Court denied the certificate of appealability.  (ECF #295).  Thereafter, the Court of Appeals issued its own certificate of appealability limited to the question of whether this Court abused its discretion by striking petitioner's 2255 petition (an issue that was appealed), and dismissing the case with prejudice (an issue that was not, in fact, appealed).  (ECF #296). Eventually, the Court of Appeals vacated the order dismissing Dr. Martinez's 2255 motion, and remanded the case for an order allowing Dr. Martinez to re-file a compliant petition.  (ECF #300, 301).  Although the Court of Appeals decision was favorable to Dr. Martinez, he, nonetheless

5

filed a motion with the Sixth Circuit to recall the mandate, and when that was denied, he filed a petition of certiarori with the United States Supreme Court for review of the decision. The petition for certiarori was denied on October 6, 2014.

Following the issuance of the mandate on this issue, Dr. Martinez filed a new §2255 motion. This motion was 23 pages long, and was accompanied by two one-page letters and a 628 page affidavit. The "affidavit" was simply a re-named copy of the 628 page "memorandum, points and points, and issues of appeal" stricken as part of Dr. Martinez's first § 2255 motion. (ECF #303). Not surprisingly, the Government followed up the new § 2255 motion with another motion to strike on the grounds of non-compliance with the length restrictions established under Local Rule 7.1. (ECF #5, Case No: 4:11 CV 2348).

The above recitation of the procedural history, which tracks the docket in case number 5:04 CR 430, does not even begin to describe the multitude of filings and other non-official communications Dr. Martinez has indiscriminately bombarded the courts with throughout the pendency of this case and the related civil cases. As stated above, even when banned from filing pro se motions, Dr. Martinez never ceased his improper attempts to contact and communicate with the Court through letters and other correspondence. Further, it does not take into account the multitude of baseless challenges he has made to every unfavorable (and even sometimes favorable) decision, whether by the jury, this Court or the Court of Appeals, nor to the repeated attempts to remove this Judge from the case every time an unfavorable decision was made, even when such decisions were upheld on appeal. Similar challenges relating to issues of restitution within this case have not been listed, nor have the multitude of challenges, baseless filings, requests for recusal, and informal communications submitted in relation to the corresponding civil

forfeiture case, numbered 5:08 CV 863.

## **DISCUSSION**

It is clear that Dr. Martinez's new filing is not in compliance with the page restrictions imposed by Local Rule 7.1.  As the Sixth Circuit noted in its remand order, the Northern District of Ohio Local Rule 7.1 states that memoranda relating to dispositive motions in standard cases must not exceed twenty pages and memoranda relating to all other motions must not exceed fifteen pages in length.  Non-compliance with this rule is sanctionable at the judge's discretion. Further, the Court of Appeals also recognized that Local Rule 7.1 applies to all litigants, including pro se litigants filing under 28 U.S.C. § 2255.  *See, United States v. Merkosky*, No. 1:02-CR-168, 2008 WL 5169640, at *7 (N.D. Ohio Dec. 9, 2008).

Dr. Martinez clearly attempted to side step the limitations applicable to his second filing by simply re-labeling his supporting memorandum as an "affidavit."  The 628 page attachment to Dr. Martinez's motion, however, labeled, is a memorandum in support of his motion and is subject to this Local Rule.  The motion, which at twenty-three pages is, itself, already over the allowed page limit, relies on this attachment to define and support its allegations.   In short, the current filing is again, remarkably out of compliance with Local Rule 7.1.  The Government's motion to strike, (ECF #5, Case No: 4:11 CV 2348), is, therefore, GRANTED.

Based on the guidance provided by the Court of Appeals in its remand instructions, this Court will allow Dr. Martinez one additional opportunity to file a petition that falls within the page limitations set forth in Local Rule 7.1.  If he files a compliant petition on or before November 10, 2014, the Court will accept the filing and direct the parties to proceed on the merits

of the case. If, however, Dr. Martinez does not file a compliant petition on or before November 10, 2014, this case will be dismissed with prejudice.

As evidenced by the procedural history outlined above, this litigant has demonstrated an unwavering commitment and ability to pursue his agenda through the use of all available legal means. He has appealed and/or sought reconsideration of nearly every decision rendered by this Court since his conviction, and had demonstrated a full awareness of his procedural rights and avenues for re-dress. Having had a prior motion stricken; and, having had the applicable rules pointed out by the Government through their briefing, by this Court through its original decision striking his first petition, through the explanation provided by the Court of Appeals in its decision to remand this issue for further proceedings, and through this Court's explanation of the applicable page restrictions in this opinion, Dr. Martinez is well informed of the procedural limitations he must adhere to in order to properly raise his current concerns. To make it perfectly clear, any future filings must adhere to the twenty page limit for dispositive motions set forth in Local Rule 7.1. The twenty page limit includes all materials setting forth or defining claims, as well as any materials offering an explanation of the legal and factual support given for the claims alleged. Any attachment, introduction, memorandum or other document required to list or explain those claims must be included within the allowed twenty pages. The twenty pages is the total amount of pages allowed including all introductory and supporting materials.

If Dr. Martinez files a new petition, and that petition exceeds twenty pages it will be stricken as non-compliant and the case will be dismissed with prejudice. This Court will not consider any materials in excess of twenty pages. Any attached materials in excess of twenty pages will be stricken and will not be considered. If the information contained in a twenty page

8

petition cannot stand on its own as a coherent articulation of claims, without reference or explanation contained in any attachment that would cause the petition to exceed the twenty page limit, the case will be dismissed with prejudice as non-compliant.

Dr. Martinez followed up his second § 2255 petition with a Motion to Disqualify District Court Judge.  (ECF #306).  This motion cites language utilized by the Court of Appeals in its remand of this issue, alleging that a finding of "abuse of discretion" in the prior decision is grounds for disqualification.  As noted in the Court of Appeals prior affirmance of this Court's denial of Dr. Martinez's requests for recusal, "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  Dr. Martinez has offered no basis other than his displeasure with the Court's rulings for disqualification, therefore, the Motion to Disqualify is DENIED.

## **CONCLUSION**

For the reasons set forth above, the United States of America's Motion to Strike Defendant Jorge Martinez's § 2255 Motion,  (ECF #5, Case No: 4:11 CV 2348), is GRANTED.   The Petitioner may re-file a compliant petition of twenty pages or less on or before November 10, 2014.  If a fully compliant petition is not filed on or before that date, this case will be dismissed with prejudice and no further filings will be accepted.  The Defendant's Motion to Disqualify District Court Judge, (ECF #306, Case No.: 4:04 CR 430), is DENIED.   IT IS SO ORDERED.

        /s/ Donald C. Nugent
        DONALD C. NUGENT
        United States District Judge

DATED:  October 10, 2014