UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:04 CR 430 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION AND ORDER</u> |
| | ) | |
| JORGE A. MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Jorge A. Martinez's Motion to Produce Jencks Material, (ECF #330), and Motion to Produce Grand Jury Transcripts Under Rule 6(e)(3)(E)(ii) Fed. R. Crim P., (ECF # 331). Dr. Martinez seeks "all the Jencks Material of all witnesses of the Government in this case" and seeks transcripts of the Grand Jury proceedings in his case because " on the grounds that he believes there may be reason "to dismiss the indictment because of matters that occurred before the Grand Jury." The government opposes both motions. (ECF # 332). Dr. Martinez also filed a reply brief in support of these motions. (ECF #333). Having reviewed all of the submissions, as well as the relevant law and case history, these motions are DENIED.

These motions are denied. Dr. Martinez has already had the benefit of a full discovery in

connection with his trial, and based on all the facts properly presented at trial, he was convicted and sentenced. The Court of Appeals upheld his conviction and sentence after his motion for new trial was denied. (ECF #233, 243, 244). Further, his motion for relief under 28 U.S.C. § 2255 was dismissed for failure to comply with the local rules and failure to prosecute, and he was barred from any further filings under § 2255. (ECF # 313). He did not appeal this Order. Therefore, Dr. Martinez has no proceedings pending which would justify this Court's order of additional discovery materials. [1]

Even if these requests were made in connection with a pending proceeding before this Court, however, there is no automatic right to discovery in connection with the preparation of a § 2255 motion. It is within the district court's discretion to grant discovery in a habeas case only upon a fact specific showing of good cause. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Good cause requires more than just speculation, rather a petitioner must show that if the facts are fully developed he may be able to demonstrate that he is entitled to relief. *Bracy v.Gramley*, 520 U.S. 899, 909 (1997). Nothing in Dr. Martinez's motions or in his reply satisfies this requirement. The Federal Rules relating to post-trial discovery do not permit a "fishing expedition masquerading as discovery." *See, e.g., Stanford*, 266 F.3d at 460. At worst, Dr. Martinez has admitted that his request is a "fishing expedition," albeit one he feels entitled to engage in. (ECF #

---

1

Dr. Martinez does have an appeal pending relating to this Court's August 19, 2015 Order denying his motion to recuse the district judge. He previously had filed a motion to disqualify the district court judge, which was denied. (ECF # 309). That Order was appealed. (ECF #310). The Court of Appeals dismissed the appeal because the Order was not a final appealable order and declined to treat it as a petition for writ of mandamus because it found the disctrict court did not abuse its discretion in denying the motion for disqualification. (ECF # 315).

333, at ¶ 7). At best, he has argued that because the evidence at trial did not support conviction on all of the charges in the indictment, he is entitled to some relief based on an improper indictment. This is an untenable argument. Those counts for which he was convicted have been found by a jury, this Court, and the Court of Appeals to have been sufficient to sustain his conviction. The counts on which he was acquitted have no continuing effect on him and there is, therefore, nothing to remedy. Further, the standard for return of an indictment is different than the standard of proof at trial, therefore, there can be no inference that an indictment was somehow tainted just because a defendant was acquitted of some or all of the counts of the indictment at trial, or because the defendant claims that the evidence presented at trial was insufficient on certain counts.

For these reasons, Dr. Martinez's Motions to produce additional discovery, (ECF #330, 331), are both DENIED. IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED July 19, 2016