UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| Plaintiff, | ) | CASE NO. 4:04 CR 430 |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| JORGE A. MARTINEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Jorge Martinez's Motion to Reopen Section 2255 Proceedings (ECF #340), and Motion to Vacate the Judgments of Convictions Based on Rules 60(b)(2), (4), and (6). (ECF #342). For the reasons set forth below, the Defendant's Motions are hereby DENIED.

**PROCEDURAL HISTORY**

Dr. Martinez was tried and convicted on multiple counts of health care fraud, including two counts of health care fraud resulting in death (Counts 59 and 60). In early 2006, he was sentenced to the statutory maximum on all counts, including the imposition of two life terms for Counts 59 and 60. Dr. Martinez filed a motion for new trial, which was denied. (ECF #227, 233). The Sixth Circuit upheld his conviction on appeal. (ECF #243). Dr. Martinez then filed multiple

petitions under 28 U.S.C. §2255, none of which were complaint with the applicable pleading requirements. (ECF #263, 303). Having given Dr. Martinez a chance to re-file a compliant petition, the Court struck the non-compliant filings, dismissed the case with prejudice, and barred Dr. Martinez from re-filing his petition. (ECF #268, 307, 309, 313). Dr. Martinez did not appeal that decision.

## **ANALYSIS**

Dr. Martinez now contends that the Court's Order dismissing his prior §2255 petition is void for lack of subject matter jurisdiction because it was entered while he had a appeal on a different matter pending before the Sixth Circuit. It is true that Dr. Martinez had filed a Notice of Appeal on two prior Court rulings, and that they were pending at the time the Court issued its Order dismissing his petition. It is also true that the filing of a timely Notice of Appeal divests the District Court of jurisdiction over the case pending resolution of the appeal. However, the two orders that Dr. Martinez attempted to appeal were not final appealable orders, and, therefore, the Court of Appeals did not actually take over jurisdiction of the case during that time. (ECF #315). Therefore, because the Court of Appeals never actually had jurisdiction to hear the appeals in question, this Court was not be divested of jurisdiction to enter its Order dismissing the case, and the Order was valid.

Nonetheless, to avoid any question of a need for appeal or further litigation on this issue, the Court at this time, for all the reasons stated in its prior Order (ECF #313) reaffirms and re-enters its holding dismissing Dr. Martinez's petition under 28 U.S.C. §2255 with prejudice, and barring him from re-filing his petition.

Dr. Martinez also filed a Motion to Vacate the Judgments of Convictions Based on the

2

Rules of 60(b)(2), (4), and (6) of the Federal Rules of Civil Procedure. He claims in this motion that his conviction should be vacated based on newly discovered evidence, "a void judgment," and "in the interests of justice."

A Rule 60(b) motion must be made within a reasonable time, and for subsection two, no more than a year after the entry of judgment or order at issue. Fed.R.Civ.Pro. 60(c)(1). The Sixth Circuit has held that a "district court does not have the discretion to extend the period of limitations set forth in Rule 60(b)." *Smith v. Secretary of Health and Human Services*, 776 F.2d 1330, 1332 (6th Cir. 1985). Dr. Martinez's motion under 60(b)(2) is, therefore, clearly time barred. His only avenue for relief on the basis of allegedly newly discovered evidence would be to petition the Court of Appeals for the allowance of successive petition under 28 U.S.C. §2255. However, this Court would note, for the record, that the information Dr. Martinez now suggests constitutes newly discovered evidence is neither evidence, nor newly discovered. He refers to the Court's in camera review of statements argued by the defense to be admissible during Dr. Martinez's trial. This information was known to the Defendant at the time of trial, and the statements were deemed inadmissible at that time.

Dr. Martinez's arguments under 60(b)(4) and (6) fare no better. These arguments rely principally on the same event that underlies his 60(b)(2) allegations: the Court's in camera review of statements to test their admissibility. These claims are also untimely. The Petitioner in this case filed his motion for relief approximately eleven years after the judgment was issued in his case, even though he should have been aware of the arguments at the time of his trial. In the interim he had the opportunity to raise this issues addressed in his motion in his direct appeals, and in his first § 2255 motion, had he complied with the requirements of those filings. The

3

failure to raise this issue sooner is without excuse or explanation, and the time delay in filing the requested relief is not reasonable. The motion is, therefore, time barred.

Even if it had been timely filed, the motion would also be denied on the merits. There is no reference to any newly discovered evidence that would support reconsideration of his conviction, and there is absolutely no grounds in fact or law for Dr. Martinez's challenge to the Court's jurisdiction. The information presented by the Petitioner does not bring to light any information that was not or could not have been raised and considered by the Court in the prior proceedings. Finally, this motion appears to have been filed as an attempt to avoid the Court's ban preventing Dr. Martinez from re-filing of a petition under 28 U.S.C. §2255. The Defendant may not avoid the consequences of his failure to follow court rules and directives by merely re-labeling his request for relief as a Rule 60(b) motion.

## **CONCLUSION**

For all of the above reasons, the Defendant's Motion to Reopen Section 2255 Proceedings (ECF #340), and Motion to Vacate the Judgments of Convictions Based on Rules 60(b)(2), (4), and (6) (ECF #342) are both DENIED.

IT IS SO ORDERED.

     /s/ Donald C. Nugent  
DONALD C. NUGENT  
United States District Judge

DATED: September 5, 2017