# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JORGE A. MARTINEZ, | ) | CASE NO.: 4:04CR430 |
| | ) | 4:18CV1206 |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner Jorge Martinez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255. (ECF # 369). Petitioner seeks to vacate, set aside, or correct his sentence on eight counts of drug distribution in violation of 21 U.S.C. § 841(a)(1) & §841 (b)(1)(C); fifteen counts of mail fraud in violation of 18 U.S.C. § 1431; ten counts of wire fraud in violation of 18 U.S.C. § 1343; twenty-one counts of health care fraud in violation of 18 U.S.C. § 1347; and two counts of health care fraud resulting in death in violation of 18 U.S.C. § 1347.

## FACTUAL AND PROCEDURAL HISTORY

The following is not meant to be a comprehensive or exhaustive factual and procedural history. Instead, this Court has included all relevant factual and procedural history to Petitioner's habeas petition grounds for relief.

On August 25, 2004, Petitioner was charged in an indictment with fifty-four counts, including distribution, mail fraud, wire fraud, health care fraud, and two counts of health care fraud that resulted in a death. (ECF #1). On December 15, 2004, Petitioner was charged in a superseding indictment with sixty counts, including distribution, mail fraud, wire fraud, health

care fraud, and two counts of health care fraud that resulted in a death. (ECF #26).

Petitioner proceeded to trial, and on January 12, 2006, a jury convicted him of eight counts of drug distribution in violation of 21 U.S.C. § 841(a)(1) & § 841 (b)(1)(C); fifteen counts of mail fraud in violation of 18 U.S.C. § 1431; ten counts of wire fraud in violation of 18 U.S.C. § 1343; twenty-one counts of health care fraud in violation of 18 U.S.C. § 1347; and two counts of health care fraud resulting in death in violation of 18 U.S.C. § 1347. (ECF #116). On June 9, 2006, this Court sentenced Petitioner to 240 months on the distribution, mail fraud, and wire fraud counts, 120 months on the health care fraud counts not resulting in a death, and two life terms for the two health care fraud resulting in death convictions. (ECF #149). The Court ordered these sentences to run concurrent. (*Id.*). On December 1, 2009, the Sixth Circuit affirmed this Court's decision. (ECF #243).

On July 31, 2008, Petitioner filed a Motion for a New Trial Based on Newly Discovered Evidence concerning Dr. Lowell Kennedy's expert testimony at his criminal trial that resulted in the above convictions. (ECF #227). This Court denied that motion on December 17, 2008. (ECF #233). Petitioner never appealed this Court's decision.

On October 31, 2011, Petitioner filed a motion for relief pursuant to 18. U.S.C. § 2255. (ECF #263). The motion itself was 21 pages long, included one page of "instructions," a one page cover letter, and an eleven page "introduction - objection to review by Judge Donald C. Nugent." (*Id.*). Added to this was a 628-page "motion's memorandum, points, and issues of appeal." (*Id.*). On December 8, 2011, this Court granted the United States' motion to strike Petitioner's habeas petition as noncompliant with Local Rule 7.1. (ECF #267-68). On May 21, 2012, more than five months after striking Petitioner's Section 2255 petition, this Court, having received no further filings, dismissed Petitioners habeas petition with prejudice. (ECF #276).

On June 9, 2014, the Sixth Circuit Court vacated the District Court's order for dismissal with prejudice and remanded for further proceedings in which Petitioner could refile a compliant Section 2255 petition. (ECF #300). On August 25, 2014, Petitioner filed a new habeas petition pursuant to 18 U.S.C. §2255 that was 23 pages long accompanied by a 628-page affidavit. (ECF #303). The "affidavit" was simply a renamed copy of the 628-page "memorandum, points, and issues of appeal" stricken as part of Petitioners first Section 2255 motion. On October 14, 2014, this Court again struck Petitioner's Section 2255 motion and ordered him to file a compliant petition by November 14, 2014. (ECF #309). Instead of filing a compliant petition, Petitioner instead appealed this Court's order granting the government's motion to strike his noncompliant habeas petition. (ECF #310). On December 15, 2014, the Sixth Circuit Court of Appeals dismissed Petitioner's appeal as to this Court's order to file a compliant petition. (ECF #315). Finally, on November 25, 2014, eleven days past the court imposed deadline for Petitioner to refile a compliant Section 2255 motion, this Court dismissed Petitioner's habeas petition and ordered that "[n]o further filings under 28 U.S.C. §2255 will be accepted from this Petitioner." (ECF #313).

On November 21, 2016, Petitioner filed a Motion to Reopen Section 2255 proceedings. (ECF #340). On February 13, 2017, Petitioner filed a Motion to Vacate the Judgments of Convictions Based on Rules 60(b)(2), (4), and (6). (ECF #342). On September 5, 2017, this Court denied both of these motions. (ECF #348).

On May 23, 2018, Petitioner filed a Motion to Vacate Judgments of Convictions, Sentences, and Affirmations pursuant to Rules 60(d)(1) and (3) of the Federal Rules of Civil Procedure. (ECF #355). This Court denied this motion on May 30, 2019. (ECF #356). Petitioner filed a Motion to Reconsider (ECF #357). Petitioner then filed a notice of appeal for the denial of

this Motion to Vacate (ECF #355) on June 18, 2018 (ECF #358), which was held in abeyance by the Sixth Circuit pending the resolution of the pending Motion to Reconsider. (ECF #359). This Court denied Petitioner's Motion to Reconsider on August 6, 2018 and didn't issue a certificate of appealability. (ECF #360). On December 4, 2018, the Sixth Circuit denied Petitioner's application for a certificate of appealability on his Motion for Reconsideration. (ECF #362).

On August 24, 2018, the Sixth Circuit Court of Appeals denied a motion by Petitioner for authorization to file a second or successive Section 2255 motion as unnecessary. (ECF #361). On January 9, 2019, Petitioner filed another motion for authorization, with his Section 2255 Motion attached. The Sixth Circuit found that his proposed Section 2255 Motion is not second or successive because his prior Section 2255 motions were not decided on their merits. (ECF #363).

Petitioner never filed his Section 2255 motion at the district court.[1] Nonetheless, this Court sought a response from the Government on January 30, 2019. (ECF #365). The actual motion and addendum were "re"-filed on March 12, 2019. (ECF #369 and 370).[2]

## ANALYSIS

**I.      Motion to Vacate under 28 U.S.C. § 2255**

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the

---

[1]Petitioner has filed multiple letters with this Court complaining that his habeas petition had never been docketed. However, Petitioner never filed his petition with the district court. Because Petitioner is pro se, this Court is giving Petitioner the benefit of the doubt in considering this petition.

[2]Due to Petitioner's error in failing to file the petition with the district court, the Government's response appears on the docket prior to Petitioner's motion and addendum.

sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a Section 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where there "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

## II. Bar of Further Filings Under 18 U.S.C. §2255

Petitioner filed numerous habeas petitions under 18 U.S.C. § 2255 that were not compliant with the local rules. (ECF #263, 303). This Court struck those petitions and ordered Petitioner to file a compliant petition in order to consider the petition on its merits. (ECF #267-68, 309). Petitioner failed to file a compliant petition twice, resulting in this Court finally issuing a ruling dismissing Petitioner's last noncompliant petition and ordering that " [n]o further filings under 28 U.S.C. § 2255 will be accepted from this Petitioner." (ECF #313). This bar is still in effect.

## III. Timeliness

Any post-conviction motion to vacate is subject to a one-year period of limitation. 28 U.S.C. § 2255(f). The period of limitation runs from the date the judgment becomes final. 28 U.S.C. § 2255(f)(1). Petitioner appealed his sentence to the Sixth Circuit Court of Appeals,

5

which issued its mandate affirming his convictions and sentence on March 30, 2010. (ECF #244). Petitioner subsequently filed a petition for writ of certiorari with the United States Supreme Court on May 25, 2010 (ECF #249), which the Supreme Court denied on November 3, 2010. (ECF #250). A petitioner's judgment becomes final when the Supreme Court either denies the petition for the writ of certiorari or decides the case on the merits. *Johnson v. United States*, 246 F.3d 655, 657 (2001). Therefore, Petitioner's conviction became final on November 3, 2010. Consequently, the one-year period of limitation began to run at that time, and petitioner had until November 3, 2011 to file a motion to vacate.

In this case, Petitioner did not file his motion to vacate on this ground for relief within the one-year period of limitation. While Petitioner's initial Section 2255 motion was filed with this Court on October 31, 2011 (ECF #263), that motion was eventually stricken and dismissed with prejudice even after the Sixth Circuit provided Petitioner with the opportunity to refile a compliant petition. (ECF #313). After this Court dismissed Petitioner's Section 2255 motion on November 25, 2014, Petitioner didn't even attempt to file another habeas petition until August of 2018. Petitioner's instant motion to vacate was filed with this Court on March 12, 2018. (ECF #370). Even giving Petitioner the benefit of the doubt that he filed this petition on September 18, 2018, the date at which he sought permission for his second petition from the court of appeals, his petition is untimely.

**IV.    Actual Innocence**

Arguments not raised at trial or on direct appeal may be deemed procedurally defaulted. Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual

6

prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

In his first ground for relief, Petitioner claims that this Court applied an improper standard to the health care fraud resulting in a death charges. He never raised this upon direct appeal, however, Petitioner asserts that he is actually innocent. Additionally, a claim of actual innocence can provide an exception to the one-year filing deadline. To establish a claim of actual innocence, Petitioner is required to present new evidence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The new evidence presented must be reliable and trustworthy. *See Id.* at 324. Here, Petitioner does not present any new reliable evidence.

Petitioner has based his claim of actual innocence upon the Supreme Court's decision in *Burrage v. United States*, 571 U.S. 204 (2014). *Burrage* applied the "but-for cause of the death or injury" standard to 21 U.S.C. § 841(b)(1)(C). *Id.* At 219. In Petitioner's direct appeal, the Sixth Circuit Court of Appeals upheld Petitioner's convictions under a different statute's penalty enhancement, 18 U.S.C. §242. There, the Sixth Circuit concluded that "proximate cause is the appropriate standard to apply in determining whether a health care fraud violation 'results in death.'" This Court instructed the jury as to this appropriate standard, therefore, *Burrage* does not entitle Petitioner to relief. In addition, the standard applied to Petitioner's case was actually a stricter causation standard than the one applied in *Burrage*. Therefore, Petitioner could not have been prejudiced by the application of a stricter standard. Petitioner's claim of actually innocence is denied.

## V. Dr. Kennedy's Testimony

In his second ground for relief, Petitioner asserts that his right to due process was violated when this Court allowed Dr. Kennedy's expert testimony. While Petitioner raised the issue of Dr. Kennedy's expert testimony at his criminal trial in a Motion for a New Trial Based on Newly Discovered Evidence, Petitioner failed to appeal this Court's decision denying the motion for a few trial. Because Petitioner failed to raise this issue upon direct appeal, his claim is procedurally defaulted, unless Petitioner is able to demonstrate either cause and actual prejudice or that he is actually innocent. *Bousley* 523 U.S. at 622. To satisfy the cause and prejudice standard, Petitioner must "shoulder the burden of showing, not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantive disadvantage. *United State v. Frady*, 456 U.S. 152, 170 (1982). Because Petitioner failed to raise this issue on direct appeal, and he doesn't even attempt to show cause in failing to raise this claim, his second ground for relief is procedurally defaulted and thus denied.

## VI. Sentencing

In his third ground for relief, Petitioner claims that this Court incorrectly calculated the amount of loss at $60 million, rather than the $45,000 that was charged in the indictment. Petitioner raised this claim in his direct appeal to the Sixth Circuit Court of Appeals. The Sixth Circuit explained that the Government supported the loss calculation for all the treatment that was given and billed by Petitioner throughout his "scheme to defraud" from January 1998 until September 2004. (ECF #243 at 31-32). The Court held that "the district court did not commit error when it accepted the reimbursement amounts over the years which Martinez was committing the fraud when it ordered the restitution." (*Id.* at 32).

A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances, such as an intervening change in law. *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). Petitioner does not argue any change in the law[3] or other highly exceptional circumstances that would allow him to relitigate this issue in the instant motion. Therefore, Petitioner's third ground for relief is denied.

## VII. Prejudicial Spillover Effect

Petitioner bases his fourth ground for relief on the claim that his case suffered from prejudicial spillover and retroactive misjoinder due to the first count of conspiracy being dismissed by the district court for a lack of evidence and the two counts of health care fraud resulting in a death that he claims should now be dismissed pursuant to the Supreme Court's ruling in *Burrage*.

Petitioner challenged the sufficiency of the evidence against him after the conspiracy count was dismissed in his direct appeal to the Sixth Circuit Court of Appeals. Because the Sixth Circuit upheld Petitioner's convictions as being supported by sufficient evidence even after the district court dismissed the conspiracy charge, this issue has been fully litigated, and Petitioner may not relitigate the issue in a habeas petition absent highly exceptional circumstances. *Dupont*, 76 F.3d at 110. Petitioner has not demonstrated such highly exceptional circumstances, and, therefore, his claims fails.

Additionally, there was no dismissal of the health care fraud resulting in death counts. As

---

[3] Furthermore, Petitioner's reliance on *Nelson v. Colorado*, 137 S. Ct. 1249 (2017) is misplaced because the Supreme Court in *Nelson* actually established that the presumption of innocence is restored when a defendant's conviction is overturned. *Id.* at 1255. Petitioner does not have the same presumption of innocence that the *Nelson* court imparted upon the defendants in that case because Petitioner's convictions have been continuously upheld, not reversed.

stated previously, Petitioner's actual innocence claim fails under *Burrage*. As Petitioner was unable to meet the burden of demonstrating that he was actually innocent, these counts would not be dismissed as he argues. Because of this, there is no prejudicial spillover or retroactive misjoinder, and Petitioner's claim is denied.

Even if this Court were to reach the merits of Petitioner's fourth claim, it would still fail. Petitioner mistakenly relies on *Schaffer v. United States* to assert that because the conspiracy count was dismissed, the joinder was error as a matter of law. 362 U.S. 511 (1960). Petitioner's reliance is mistaken because the Supreme Court refused in *Schaffer* to "fashion a hard-and-fast formula that, when a conspiracy count fails, joinder is error as a matter of law." *Id.* at 516. The Court went on to say that the "trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear." *Id.* There was no such prejudice in this case and all the evidence was properly admitted even if no conspiracy claim had existed. Because there was no such prejudice in this case, Petitioner's claim is denied.

Retroactive misjoinder is governed by the same standards that are applied to a prejudicial joinder analysis. *United States v. Warner*, 690, F.2d 545, 554 (6th Cir 1982). Petitioner is required to show compelling prejudice or prosecutorial bad faith in bringing the initial conspiracy charge in order to succeed on this claim. *Id.* Petitioner's conclusory statements that the prosecution acted in bad faith or that he was prejudiced are not sufficient to rise to the required level to be shown here. Therefore, Petitioner's claim in his fourth ground for relief is denied.

## CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part,

as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## **CONCLUSION**

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF # 369) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: April 10, 2019